IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**THIRPLUS TINO MOOSE BEY,**                                                      **PETITIONER**
Reg #21011-045

V.                            CASE NO. 2:21-CV-22-BSM-BD

**D. HENDRIX, Warden**
**Forrest City Low**                                                                **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections**:

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Mr. Moose Bey may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Moose Bey does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

In 2008, a grand jury in the Western District of Missouri indicted Petitioner Thirplus Tino Moose Bey on charges stemming from two Kansas City bank robberies. *United States v. Thirplus Moose*, No. 4:08-CR-262-GAF-2 (W.D. Mo. Sept. 23, 2008), ECF No. 17. Mr. Moose Bey entered into a plea agreement with the government that stipulated to a sentencing range from 22 to 25 years in prison. Plea Agreement, *USA v.*

*Thirplus Moose*, No. 4:08-CR-262-GAF-2 (W.D. Mo. July 8, 2011), ECF. No. 229. The sentencing court accepted Mr. Moose Bey's guilty plea, but later rejected the parties' plea agreement, citing concerns over the agreed sentence range. Transcript of Change of Plea Proceedings, *United States v. Thirplus Moose*, No. 4:08-CR-262-GAF-2 (W.D. Mo. July 19, 2012), ECF No. 289; Transcript of Proceedings, *United States v. Thirplus Moose*, No. 4:08-CR-262-GAF-2 (W.D. Mo. July 19, 2012), ECF No. 290. Mr. Moose Bey, through counsel, withdrew his guilty plea. Transcript of Proceedings, *United States v. Thirplus Moose*, No. 4:08-CR-262-GAF-2 (W.D. Mo. July 19, 2012), ECF No. 290.

Mr. Moose Bey and the government then entered into a second plea agreement that called for a sentencing range of 25 to 35 years in prison, which the court accepted. Plea Agreement, *United States v. Thirplus Moose*, No. 4:08-CR-262-GAF-2 (W.D. Mo. Nov. 1, 2012), ECF No. 307. Mr. Moose Bey pleaded guilty to one count of conspiracy to commit bank robbery, one count of armed bank robbery with forcible restraint, and one count of using or discharging of a firearm during a crime of violence resulting in death.

The court sentenced Mr. Moose Bey to an aggregate term of 35 years in the Bureau of Prisons. Judgment, *United States v. Thirplus Moose*, No. 4:08-CR-262-GAF-2 (W.D. Mo. Jan. 3, 2013), ECF No. 311. Through the plea agreement, Mr. Moose Bey waived his right to appeal his conviction or sentence; and that waiver was enforced on direct appeal. *United States v. Moose*, 529 F. App'x 807, 808 (8th Cir. 2013).

On October 27, 2017, Mr. Moose Bey filed a motion with the sentencing court to vacate his sentence under 28 U.S.C. § 2255. *Thirplus Moose v. United States*, No. 4:17-CV-916-GAF (W.D. Mo. Oct. 27, 2017). The court found that the motion was filed

outside the applicable statute of limitations and denied relief. Order, *Thirplus Moose v. United States*, No. 4:17-CV-916-GAF (W.D. Mo. Feb. 27, 2018). The Eighth Circuit Court of Appeals denied a certificate of appealability. *Thirplus Moose Bey v. United States*, No. 18-1801 (8th Cir. June 27, 2018). And, in February 2021, the Eighth Circuit denied Mr. Moose Bey's request for leave to file a second, successive § 2255 motion. *Thirplus Moose Bey v. United States*, No. 21-1292 (8th Cir. Feb. 26, 2021).

Mr. Moose Bey, currently an inmate at the Federal Correctional Institution in Forrest City, Arkansas, now brings a federal habeas petition with this Court under 28 U.S.C. § 2241.[1] (Doc. No. 2) In the petition, Mr. Moose Bey claims that the sentencing court lacked jurisdiction to accept the second plea agreement. He requests "specific performance of the first plea agreement…sentence range of 22 to 25 years." (Doc. No. 2

---

[1] Unlike § 2255 motions, which are filed with the sentencing court, § 2241 habeas petitions are filed in the district where the petitioner is incarcerated. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

This is not Mr. Moose Bey's first request for relief under § 2241. While incarcerated at the Federal Correctional Institution in Pekin, Illinois Mr. Moose Bey filed three § 2241 petitions: *Moose v. Krueger*, No. 1:16-CV-1296-JED (C.D. Ill. Aug. 19, 2016) (petition deemed frivolous "sovereign citizen" theory did not entitle Petitioner to relief under § 2241); *Moose v. Krueger*, No. 1:16-CV-1347-JBM (C.D. Ill. Sept. 29, 2016) (same); *Moose v. Krueger*, No. 1:16-CV-1403-JBM (C.D. Ill. Oct. 25, 2016) (same).

After his transfer to the Federal Correctional Institution in Manchester, Kentucky, Mr. Moose Bey filed three additional § 2241 petitions: *Moose v. Butler*, No. 6:17-CV-57-DCR (E.D. Ky. May 11, 2017) (petitioner's lack of "territorial jurisdiction" theory was baseless); *Moose v. Butler*, No. 6:17-CV-260-DLB (E.D. Ky. Mar. 28, 2018) (§ 2241 was not proper avenue to challenge conviction and sentence); *Moose v. Barnhart*, No. 6:18-CV-232-REW (E.D. Ky. Sept. 13, 2018) (dismissed as frivolous).

at p. 5) He further notes that he is requesting relief from this Court under § 2241 because the Eighth Circuit denied his request to file a successive § 2255 motion.

### III.   Discussion:

This Court lacks jurisdiction to hear Mr. Moose Bey's petition. Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010). This Court may not entertain Mr. Moose Bey's § 2241 petition unless he shows that the remedy under § 2255 is inadequate or ineffective to test the legality of his conviction or sentence. *Id.*; 28 U.S.C. § 2255(e).

Mr. Moose Bey's burden is a difficult lift. A remedy is not deemed inadequate or ineffective if the petitioner had an opportunity to present his claim properly in a § 2255 motion. *Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019). Likewise, "[a] § 2255 motion is not inadequate or ineffective merely because: § 2255 relief has already been denied; the petitioner has been denied permission to file a second or successive § 2255 motion; a second or successive § 2255 motion has been dismissed; or the petitioner has allowed the one year statute of limitations and/or grace period to expire." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (cleaned up).

Mr. Moose Bey had an unobstructed opportunity to present his claim in his first § 2255 motion. The fact that he failed to do so and failed to file his first motion in a timely manner are not circumstances that render § 2255 inadequate or ineffective. Because Mr. Moose Bey cannot show that § 2255 is inadequate or ineffective, this Court lacks jurisdiction to hear his claim.

## IV.     Conclusion:

The Court recommends that Judge Miller DISMISS, without prejudice, Thirplus Tino Moose Bey's petition for writ of habeas corpus (Doc. No. 2) for lack of jurisdiction. Mr. Moose Bey's petition to proceed *in forma pauperis* (Doc. No. 1) should be DENIED, as moot.

DATED this 18th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE